**Hattie T. WESTMORELAND, Plaintiff,**

v.

**Melvin LAIRD, Secretary of Defense of the United States, et al., Defendants.**

**Civ. No. 965.**

United States District Court,
E. D. North Carolina,
Fayetteville Division.

Jan. 2, 1973.

---

2. Omitted from published opinion.

Thomas F. Loflin, III, Loflin, Anderson & Loflin, Durham, N. C., for plaintiff.

Warren H. Coolidge, U. S. Atty., Raleigh, N. C., for defendants.

## MEMORANDUM OPINION AND ORDER

DUPREE, District Judge.

This is a civil action for wrongful discharge from employment brought by the plaintiff, a federal employee,[1] against various officers of the United States in their official capacities. The plaintiff asserts two claims for relief. In the first she alleges that her discharge (1) was based solely on racial motives in

---

1. See Holcombe v. United States, 176 F. Supp. 297, 299–300 (E.D.Va.1959), aff'd, 277 F.2d 143 (4th Cir. 1960). While the Fourth Circuit's Opinion in this case never specifically states that an Exchange employee is a federal employee, this is believed to be the correct interpretation of the opinion. The District Court opinion had specifically found that such an employee is a federal employee.

furtherance of defendant's "discriminatory personnel policy informally maintained", and (2) was effected "contrary to the regulations governing the Army-Air Force Exchange Service" in violation of her constitutional right to due process of law. The court's jurisdiction over this claim is founded upon 28 U.S.C. §§ 1346(a)(2) and 1361. In her second claim plaintiff alleges that she represents a class, namely black women, and challenges the discriminatory personnel and hiring practices followed by the defendants in the Warehouse Division of the Ft. Bragg-Pope Air Force Base Army-Air Force Exchange Service. Jurisdiction over this claim is founded upon 28 U.S.C. §§ 1331 and 1361; and plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

The case is before the court on motions by both parties for summary judgment, it being agreed that there is no dispute as to the facts surrounding the plaintiff's discharge from employment. Since the resolution of the case depends in part upon a determination of whether or not the defendants complied with their own regulations governing discharge of employees, a brief statement of these facts is necessary.

Plaintiff was employed as an Hourly Pay Plan employee of the Carolina Area Support Center (CASC) Army-Air Force Exchange Service (AAFES), in the Warehouse Division at Ft. Bragg, North Carolina. On Wednesday, August 21, 1968, she approached her immediate supervisor, S. R. Smith, Assistant Manager of the Warehouse, and advised him that she would not be at work on either of the next two days. Mr. Smith, realizing that plaintiff was to start a week's annual leave on Monday, August 26, 1968; that leave had been scheduled for all Warehouse employees approximately three months in advance; and that the workload required plaintiff's presence at all times until her official leave should begin, and explaining these facts to her, in-

formed plaintiff that if she did not report for work as required, he would recommend her discharge. She did report for work on Thursday, August 22, 1968, but was absent on Friday, August 23, 1968, without authority or permission from her supervisor. True to his promise, Smith recommended that plaintiff be discharged.

By letter dated August 28, 1968, Julian Price, Chief, CASC, AAFES, informed plaintiff that she was being separated from her employment effective August 23, 1968, the reason for the separation being " 'insubordination' resulting in failure to report to work as so instructed by your immediate supervisor on 21 August 1968." The letter also advised plaintiff that she had 21 days from the date of the letter to answer and that the Personnel Office would assist her, if she so desired.

Thereafter, by letter dated September 9, 1968, plaintiff appealed her discharge from employment and a grievance hearing was convened on October 15, 1968. After hearing all the testimony and reading all the statements pertaining to the case, the Grievance Committee found plaintiff guilty of insubordination by a 3–0 vote, and by a 2 to 1 vote found that the action taken was justified and separation was in order. Upon appeal to the Chief, AAFES, this decision was affirmed.

Thereafter it was determined that under the then existing regulations the Chief, AAFES, was not the appropriate appellate authority, and a subsequent grievance hearing was held on April 23, 1970. Once again, the Committee found plaintiff guilty of insubordination and recommended her discharge. This action was upheld upon appeal to the Chief, AAFES, who, under new regulations,* had become the appropriate appellate authority. Plaintiff's separation for cause was affirmed on June 26, 1970. She was not barred from future employment with the CASC,

* Army Regulation 60–21/Air Force Regulation 147–15, paragraph 3–29, effective April 30, 1970.

AAFES, and was subsequently re-employed by that organization.

## I.  FIRST CLAIM FOR RELIEF

■ Plaintiff's allegation that her discharge was based solely on racial motives in order to perpetuate "a discriminatory personnel policy informally maintained", has required a careful study of a most voluminous record including documentary exhibits.  With the exception of plaintiff's own allegations and suspicions concerning the motivation for her discharge, the record is totally devoid of any evidence suggesting that plaintiff's discharge was racially motivated.  This claim must be rejected out of hand.

■ Plaintiff's allegations that appropriate Army-Air Force regulations governing discharge from employment were ignored in her case, thus depriving her of procedural due process of law, have proved more troublesome.  Counsel have stipulated the applicable regulations to be as follows: (1) Army Regulation 60–21/Air Force Regulation 147–15 paragraph 48 and paragraph 90, effective April 30, 1968, (2) Army Regulation 60–21/Air Force Regulation 147–15, paragraph 95 and paragraph 105, effective April 30, 1968, (3) Army Regulation 60–21/Air Force Regulation 147–15, paragraph 3–32, effective March 6, 1969.  These have been carefully reviewed.

■ An administrative regulation promulgated within the authority granted by statute has the force of law and will be given full effect by the courts[2], and a violation of a valid administrative regulation, even by the authority promulgating same, constitutes in legal effect a violation of the statute.[3]

■ Although not specifically alleged in the complaint, plaintiff's brief suggests that defendants here violated their own regulations by failing to conduct an investigation of the complaint against plaintiff before she was dismissed as allegedly required by paragraph 48(f)(3).[4]  But absolute and literal compliance with all pertinent regulations is not always essential to the validity of federal agency action.[5]  A dismissal from federal employment is a matter of agency discretion, and to be upheld, all that is required is that there be substantial compliance with required procedural steps.  Brown v. Zuckert, 349 F.2d 461 (7th Cir. 1965).  Where, as here, the facts are really not in dispute (plaintiff simply stayed out of work after having been told not to) there was little if anything left to investigate.

The same is true of the remaining contentions of plaintiff with respect to the failure of defendants to follow the regulations.  A careful reading of these regulations against the background of the undisputed evidence in the case reveals these contentions to be without merit.

■ Plaintiff also urges that all of plaintiff's prior performance ratings indicated very satisfactory work and that the action taken by defendants was unduly harsh.  However, it is not a prerequisite to the discharge of an employee that he or she first be given an unsatisfactory performance rating;  and an agency is not precluded from dismissing

---

2.  See United States v. Short, 240 F.2d 292 (9th Cir. 1956) ; Atwood's Transport Lines, Inc., v. United States et al., 211 F.Supp. 168 (D.C.D.C.1962), and Matczak v. Secretary of Health, Education and Welfare, 299 F.Supp. 409 (E.D.N.Y.1969).

3.  See Jeffries v. Olesen, 121 F.Supp. 463 (S.D.Cal.1954), and United States v. Heffner, 420 F.2d 809 (4th Cir. 1969).

4.  This regulation reads as follows:
"The charges against an employee will be submitted to the personnel manager, or the . person delegated responsibility for personnel functions, who will investigate them thoroughly and recommend to the exchange officer approval or disapproval of proposed discharge, giving all supporting facts disclosed by the investigation."

5.  See Chiaverini v. United States, 157 Ct.Cl. 371 (1962) ; Hadlock v. United States, 159 Ct.Cl. 52 (1962) ; Huling v. United States, 401 F.2d 998, 185 Ct.Cl. 407 (1968), and Gordon v. Bright, 306 F.Supp. 252 (W.D. Okl.1968), aff'd, 419 F.2d 835 (10th Cir.)

an employee where it has given a prior satisfactory performance rating. Angrisani v. United States, 172 Ct.Cl. 439 (1965). And although the court might agree that certain mitigating circumstances called for less drastic action it is without jurisdiction to change the punishment as long as it is within the range of permissible punishments allowed by the regulations. Embrey v. Hampton, 470 F.2d 146 (4th Cir. 1972). (Decided July 3, 1972).

For these reasons, the plaintiff cannot prevail on her first claim for relief.

## II. SECOND CLAIM FOR RELIEF

■ Plaintiff's allegation that defendants unlawfully discriminated against black women as a class in the Warehouse Division of the Ft. Bragg-Pope Air Force Base Exchange, apparently finds some statistical support in the evidence, but in the court's view the record, including interrogatories, affidavits and exhibits, does not establish a prima facie case of employment discrimination that would enable plaintiff to overcome defendants' motion for summary judgment.[6] The record is lacking in sufficient evidence of (1) the number of job openings in the division in question over a finite period, (2) the sex and/or race of all job applicants, if any, to that division over the same finite period, (3) the education, work experience or other job qualifications of persons applying to that division over the same period, and (4) the availability or unavailability of persons applying to the division in question at times when job openings arose therein.

Thus, the plaintiff's second claim for relief must be denied; and defendants' motion for summary judgment must be allowed.

6. See Graniteville Co. v. Equal Employment Opportunity Comm., 438 F.2d 32 (4th Cir. 1971) and Brown v. Gaston County Dyeing Machine Co., 457 F.2d 1377, 1382 (4th Cir. 1972). Compare United States v. Jacksonville Terminal Co., 451 F.2d 418, 441 (5th Cir. 1971) (statistics insufficient to establish a prima facie case of discrimination) with Vogler v. McCarty, Inc., 294 F.Supp. 368 (E.D.La.1968), aff'd, 407 F.2d 1047 (5th Cir.) and Jones v. Lee Way Motor Freight, Inc., 431 F.2d 245 (10th Cir. 1970) (statistics establish a prima facie case of discrimination).