NORTH CAROLINA DEPARTMENT OF JUSTICE v. JAY EAKER

No. 8710SC857

(Filed 3 May 1988)

**1. State § 12— retention of employees in abolished positions—authority of State Personnel Commission to issue policy**

Because retention of employees in abolished positions is clearly a personnel matter affecting the "separation" of employees, pursuant to N.C.G.S. § 126-4(7a), the State Personnel Commission had authority to issue a policy concerning such action and to require respondent to follow it.

**2. State § 12— policy of State Personnel Commission—failure of respondent to follow—sufficiency of evidence**

The trial court erred in determining that there was insufficient evidence to support the State Personnel Commission's finding that respondent failed to follow the Commission's policy regarding retention of employees whose positions are abolished as part of a reduction in force, but the Commission erred in placing upon respondent the burden of proving that appropriate reduction in force procedures were utilized.

**3. State § 12— failure of employer to follow policy of State Personnel Commission—no showing of prejudice required of dismissed employee**

Petitioner did not have to show prejudice once he carried his burden of showing that respondent failed to follow the State Personnel Commission's policies concerning retention of employees whose positions are abolished as part of a reduction in force.

**4. State § 12— reinstatement of dismissed employee—authority of State Personnel Commission**

There was no merit to respondent's contention that the State Personnel Commission had authority to issue binding orders for reinstatement of dismissed employees only in disciplinary and discrimination cases, since N.C.G.S. § 126-37(a) allows the Commission to order reinstatement of an employee and

direct other suitable relief whenever it deems it necessary to correct the failure of a department or agency to follow policies or rules promulgated pursuant to N.C.G.S. § 126-4.

APPEAL by petitioner from *Farmer, Judge.* Order entered 2 June 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 9 February 1988.

The facts of this case are essentially undisputed. Petitioner began working for respondent, the North Carolina Department of Justice, in 1976. Prior to December 1984, petitioner was an Information and Communications Specialist III (Press Secretary) for then Attorney General Rufus Edmisten. In November, after the election of the new Attorney General, Lacy H. Thornburg, petitioner accepted a demotional transfer to a position as a Criminal Justice Research Associate in the Department's Sheriffs' Standards Division. Petitioner's job there consisted of reviewing information to determine whether sheriffs' deputies qualified for "certification" and, if so, to complete the necessary paper work and issue the certification.

When Attorney General Thornburg took office in January 1985, he decided to "streamline" the Department. Although he retained ultimate authority, Attorney General Thornburg delegated much of the responsibility for managing the Department's non-attorney personnel to Administrative Deputy Attorney General Lester Roark. Mr. Roark reviewed a number of positions, examining the position titles and job descriptions as well as the position's productivity and cost effectiveness. After his review, Mr. Roark recommended that eight positions within the Department be abolished, one of which was petitioner's position. Attorney General Thornburg accepted the recommendation and petitioner's position was abolished and petitioner was terminated as a State employee effective 13 May 1985. The following month, plaintiff was offered a different position within the Department which paid a substantially lower salary. Petitioner turned down the offer.

Petitioner appealed his termination to the State Personnel Commission, alleging that it was the result of his political association with former Attorney General Edmisten and that the Department failed to comply with its own policies or those of the State Personnel Commission regarding "reductions in force." The Hearing Officer rejected petitioner's political discrimination claim, but

concluded that the Department had failed to follow the Commission's policies for reductions in force. The Hearing Officer recommended that petitioner be reinstated to his former position or a comparable position and that he be awarded back pay and reasonable attorney's fees. The full Commission adopted the Hearing Officer's findings of fact and conclusions of law and ordered petitioner's reinstatement with back pay and reasonable attorney's fees.

Pursuant to then G.S. 150A-43 (now G.S. 150B-43), the Department appealed to superior court. However, petitioner did not appeal the Commission's decision even though the Commission rejected certain of his claims. After a hearing the superior court reversed the Commission's decision on several grounds: (1) that the Commission had no authority to order reinstatement of an employee whose position has been improperly abolished; (2) that the Department had followed all mandatory policies for reductions in force; (3) that even if the policies were not followed, petitioner had failed to show a substantial chance of a different result; and (4) that even if petitioner had showed the policies were not followed and that he was prejudiced thereby, the only remedy available to petitioner was for the Commission to remand the case to the Department to follow those policies. Consequently, the court remanded the case to the Commission with directions to dismiss petitioner's appeal. From the superior court order, petitioner appeals.

*Attorney General Thornburg, by Senior Deputy Attorney General Jean A. Benoy and Special Deputy Attorney General James Peeler Smith, for the respondent-appellee.*

*Marc W. Sokol, for the petitioner-appellant.*

EAGLES, Judge.

Judicial review of State Personnel Commission decisions is governed by Chapter 150B, the Administrative Procedure Act. G.S. 150A-1(c) (now G.S. 150B-1(c) ); *Area Mental Health Authority v. Speed,* 69 N.C. App. 247, 317 S.E. 2d 22, *disc. rev. denied,* 312 N.C. 81, 321 S.E. 2d 893 (1984) (decided under former G.S. 126-43). Petitioner argues that in reversing the Commission's decision, the superior court erred when it concluded that: (1) the Commission lacked jurisdiction to reinstate him, (2) the Commission's findings

that the Department failed to follow the applicable policies for accomplishing a reduction in force were unsupported by substantial evidence, (3) petitioner was not entitled to any remedy because he failed to show prejudice, and (4) any remedy available to petitioner before the Commission should have been limited to the Commission remanding the case to the Department for reconsideration. We review each of these issues in order.

I.

[1]  G.S. 126-4(7a) gives the State Personnel Commission the power, subject to the approval of the Governor, to establish policies and rules governing "[t]he separation of employees." G.S. 126-4 (7a). The Department contends that a reduction in force is not a "separation" within the meaning of G.S. 126-4(7a), but is a "management" decision reserved solely to department heads under G.S. 143B-10(c). The Department concedes that the Commission has authority under G.S. 126-36 and G.S. 126-35 to reinstate employees whose positions have been abolished improperly as a result of unlawful discrimination or for a disciplinary motive. Otherwise, the Department argues, the Commission has no statutory authority to order reinstatement of an employee whose position has been abolished. In contrast, petitioner argues that a reduction in force is a "separation," and that under G.S. 126-4(7a) the Commission has authority to reinstate employees whose positions were abolished in violation of its policies and rules. We believe that both parties have failed to make the distinction between the management decision to abolish a position and personnel matters which may necessarily be a consequence of that management decision.

The purpose of Chapter 126 is "to establish for the government of the State a system of personnel administration under the Governor, based on accepted principles of personnel administration and applying the best methods as evolved in government and industry." G.S. 126-1. In addition to the power to promulgate policies and rules regarding the "separation" of employees, the Commission has the same policy and rule making power over "[t]he appointment, promotion, transfer, demotion, and suspension" of employees under G.S. 126-4(6) and "programs and procedures as may be necessary to promote efficiency of administration and provide for a fair and reasonable system of personnel administration"

under G.S. 126-4(10). Chapter 126 clearly gives the State Personnel Commission the power to establish rules and policies governing personnel matters.

We need not fully delineate the extent of the Commission's powers; nor do we need to decide whether it has the power to issue rules and policies which attempt to affect when a reduction in force should occur. The only policies of the Commission which purport to do that were found in a portion of the State's Personnel Manual entitled "Suggested Guidelines for Reductions in Force." Those "guidelines" provide, among other things, that a reduction in force should occur only after "a thorough evaluation of the accomplishments of specific programs" and "measures such as a hiring freeze on vacant positions, limits on purchasing and travel, retirement options and job sharing and work schedule alternatives have proven insufficient." The superior court, however, correctly concluded that these guidelines were not mandatory and that the Department was not obligated to comply with them. Since, at the time petitioner's position was abolished, the Commission had not attempted to exercise any authority over the Department's decision to make a reduction in force, we need not decide whether the Commission has the authority to do so.

The only mandatory policy regarding reductions in force dealt with the retention of employees whose positions have already been abolished. It provided, in pertinent part, as follows:

> Retention of employees in classes affected shall be based on systematic consideration of type of appointment, length of service, and relative efficiency; the relative weight of each of these factors is to be determined by management in making reduction-in-force decisions.

25 N.C.A.C. 1D.0504. It is immaterial whether the required "systematic consideration" of the listed factors is accomplished after the position is abolished or occurs as a means of deciding which position, among those similarly classified, should be abolished. In either case, the policy governs a personnel matter which does not interfere with "management" determinations such as whether a position is necessary, cost-effective, or consistent with the department's mission, or whether the department's limited resources could best be used elsewhere. Because retention of employees in abolished positions is clearly a personnel matter affecting the

"separation" of employees, under G.S. 126-4(7a) the Commission
has authority to issue the policy and to require the Department
to follow it.

## II.

[2]  In a conclusion of law, which would more appropriately be
labeled a finding of fact, the Commission found that the Depart-
ment had failed to follow the policy regarding retention of em-
ployees. It stated that:

> 14. [T]he retention of the other Research Associate in
> the Sheriff Standards Division and similar employees
> throughout the Department was not based on a systematic
> consideration of type of appointment, length of service and
> relative efficiency. Petitioner's skills, knowledge, and produc-
> tivity were not compared to the skills, knowledge, and pro-
> ductivity of employees in similar positions who were retained
> in employment by Respondent. Mr. Roark, in fact, admitted
> that the people in the affected positions and their job per-
> formances were not evaluated as part of his own reduction in
> force process. Petitioner was dismissed even though he may
> have possessed more skills and knowledge and been capable
> of greater productivity than employees in similar positions
> who were retained.

The superior court concluded that this finding was not supported
by the record and that Mr. Roark's procedures were sufficiently
systematic to insure that the decision to abolish petitioner's posi-
tion was neither arbitrary nor capricious.

Whether the Department's decision to abolish the position
was arbitrary or capricious is not germane to the question of
whether the Commission's personnel policies were followed. Court
review of an agency's findings of fact is limited to determining,
from an examination of the whole record, whether there is evi-
dence to support the finding. *Goodwin v. Goldsboro Board of Edu-
cation*, 67 N.C. App. 243, 312 S.E. 2d 892, *disc. rev. denied*, 311
N.C. 304, 317 S.E. 2d 680 (1984). If, after considering all of the
evidence, including that which contradicts as well as that which
supports the finding, the court finds competent, material, and sub-
stantial evidence in support of the finding, the finding is deemed
conclusive on appeal. *Boehm v. Board of Podiatry Examiners*, 41

N.C. App. 567, 255 S.E. 2d 328, *cert. denied*, 298 N.C. 294, 259 S.E. 2d 298 (1979). We find, from the whole record, that the trial court erred and that there is substantial evidence to support the Commission's finding that the Department failed to follow the policy regarding retention of employees whose positions are abolished as part of a reduction in force.

Although there is substantial evidence to support the Commission's finding that the Department failed to follow the policy, and, as a result, the Department is not entitled to prevail on those grounds; nevertheless, we must remand this case to the Commission. In one of the Commission's conclusions of law complained of by the Department, the Commission stated that "[r]espondent has not satisfied its burden of proving that appropriate reduction in force procedures were utilized." We agree with the Department that the Commission improperly placed that burden on the Department.

Generally, the burden of proof is on the party attempting to show the existence of a claim or cause of action and, if proof of his claim includes proof of negative allegations, it is incumbent on him to do so. *See Johnson v. Johnson*, 229 N.C. 541, 50 S.E. 2d 569 (1948). Neither Chapter 126 nor the Administrative Procedure Act indicate that the burden is shifted to the department or agency to show that it followed the Personnel Commission's rules, policies, or procedures. Moreover, we do not believe that the facts tending to show whether the policy was followed are so peculiarly within the knowledge of the Department that the burden should be on the Department to show the policy was followed. *Cf., Joyce v. Sell*, 233 N.C. 585, 64 S.E. 2d 837 (1951).

Because the Commission acted under a misapprehension of the law, this case must be remanded. *See Insurance Co. v. Chantos*, 298 N.C. 246, 258 S.E. 2d 334 (1979). The rule fixing the burden of proof constitutes a substantial right of the party upon whose adversary the burden rests and must be rigidly enforced. *Owens v. Kelly*, 240 N.C. 770, 84 S.E. 2d 163 (1954). The law relating to the burden of proof is equally applicable to proceedings which are not conducted before a jury. *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 182 S.E. 2d 553 (1971). We cannot say, as a matter of law, that the Commission's finding was not affected by its misapprehension of the law. *Cf., Bowles Distributing*

*Co. v. Pabst Brewing Co.*, 69 N.C. App. 341, 317 S.E. 2d 684 (1984). Therefore, we vacate the findings and conclusions and remand this case to the Commission for reconsideration of the evidence in additional proceedings in which petitioner has the burden of proof.

Although we remand this case to the Commission, we must address the Department's remaining arguments, since, if meritorious, they would require that we reverse the Commission's decision and uphold the trial court's order.

### III.

[3] The Department contends, and the superior court agreed, that even if the Department failed to follow the Commission's policies, petitioner is without a remedy unless he shows a substantial chance that a different result would have followed. The Department cites *Farlow v. Bd. of Chiropractic Examiners*, 76 N.C. App. 202, 332 S.E. 2d 696, *disc. rev. denied*, 314 N.C. 664, 336 S.E. 2d 621 (1985) and *Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 342 S.E. 2d 914, *cert. denied*, 318 N.C. 507, 349 S.E. 2d 862 (1986) in support of its contention. We believe *Farlow* and *Leiphart* are distinguishable and we hold that petitioner does not have to show prejudice once he carries his burden of showing the Department failed to follow the Commission's policies.

In *Farlow, supra,* the Board of Chiropractic Examiners, in violation of the Board's own rules, failed to render its decision within 90 days after the hearing. This court held that an administrative agency's failure to follow its own rules requires reversal only where "its failure to do so would result in a substantial chance that there would be a different result from what the result would be if the rule were followed." *Id.* at 208, 332 S.E. 2d at 700. In *Leiphart, supra,* we applied the same holding to a petitioner's argument that the School of the Arts failed to follow its own internal grievance procedures. Since *Farlow* and *Leiphart* involved only an agency's failure to follow its own procedural rules, they are inapposite.

The policy at issue here was promulgated pursuant to the Commission's statutory authority under G.S. 126-4. The Legislature has delegated, to the extent of the Commission's statutory powers, its own legislative powers over the State's personnel sys-

tem. Therefore, rules and policies made pursuant to the Commission's statutory authority have the effect of law. *See Westmoreland v. Laird*, 364 F. Supp. 948 (E.D.N.C. 1973), *aff'd*, 485 F. 2d 1237 (4th Cir. 1973); *American Federation of Labor v. Donovan*, 757 F. 2d 330 (D.C. Cir. 1985); 2 Am. Jur. 2d, "Administrative Law," sections 292, 295 (1962). Pursuant to its statutory authority, the Commission promulgated a policy requiring the State's departments and agencies to systematically consider certain factors in determining which employees should be retained once a department or agency has decided to implement a reduction in its force. Consequently, that policy has the force of law and must be strictly followed and enforced. *See Parrish v. Real Estate Licensing Board*, 41 N.C. App. 102, 254 S.E. 2d 268 (1979); *In re Trulove*, 54 N.C. App. 218, 282 S.E. 2d 544 (1981), *disc. rev. denied*, 304 N.C. 727, 288 S.E. 2d 808 (1982). Petitioner was not required to show prejudice resulting from the Department's failure to follow the Commission's policy.

If petitioner were required to show prejudice, it would be nearly impossible for him to do so. The policy requires only that the Department have systematically considered certain factors, leaving the weight to be accorded each factor up to the Department. At the hearing before the Commission, petitioner presented some evidence of his own qualifications and work record. To show prejudice from failure to follow the policy, petitioner would have to show, not only how he stood in relation to other employees in the same class as to type of appointment, length of service, and work performance, but he would have to show the weight which the Department would attribute to each of those factors. The Commission and the reviewing court would be relegated to speculating how the Department would weigh each factor.

IV.

[4] Finally, we address the Department's argument that the Commission has authority to issue binding orders for reinstatement only in disciplinary and discrimination cases.

G.S. 126-37(a) states, in pertinent part, that:

[t]he State Personnel Director or any other person or persons designated by the Commission shall investigate the disciplinary action or alleged discrimination which is appealed to the

Commission. Appeals involving a disciplinary action, alleged discrimination *and any other contested case arising under this Chapter* shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B; provided that no grievance may be appealed unless the employee has complied with G.S. 126-34. . . . The State Personnel Commission is hereby authorized to *reinstate any employee to the position from which he has been removed,* to order the employment, promotion, transfer, or salary adjustment of any individual to whom it has been wrongfully denied *or to direct other suitable action to correct the abuse* which may include the requirement of payment for any loss of salary which has resulted from the improperly discriminatory action of the appointing authority. [Emphasis added.]

G.S. 126-37(a). The State Personnel Commission's jurisdiction is not limited to disciplinary actions under G.S. 126-35 or discriminatory actions under G.S. 126-36; jurisdiction may also arise, under G.S. 126-34, for any "grievance arising out of or due to his employment." G.S. 126-34. *See Poret v. State Personnel Comm.,* 74 N.C. App. 536, 328 S.E. 2d 880, *disc. rev. denied,* 314 N.C. 117, 332 S.E. 2d 491 (1985). Moreover, G.S. 126-4(9) provides the Commission with policy and rule-making authority regarding:

[t]he investigation of complaints and the issuing of such binding corrective orders or such other appropriate action concerning employment, promotion, demotion, transfer, discharge, and reinstatement in all cases as the Commission shall find justified.

G.S. 126-4(9). Although G.S. 126-37(a) makes more frequent reference to the Commission's remedial powers over disciplinary and discriminatory action, the statute also refers to "grievance[s]" under G.S. 126-34 and "any other contested case arising under this Chapter." It has been recognized that, to serve the purpose of Chapter 126, rules and policies made pursuant to G.S. 126-4 must be enforced. *Bean v. Taylor,* 408 F. Supp. 614 (M.D.N.C. 1976) *aff'd,* 534 F. 2d 328 (4th Cir. 1976). We believe G.S. 126-37(a) allows the Commission to order reinstatement of an employee and direct other suitable relief, whenever it deems it necessary to correct the failure of a department or agency to follow policies or rules promulgated pursuant to G.S. 126-4. To hold that the Commis-

sion's opinion in those cases is merely advisory would give the Commission the power to establish policies and rules but no power to enforce them. That construction of G.S. 126-37 reaches a result which is contrary to the Chapter's stated policy.

Accordingly, this case is reversed and remanded to the Superior Court for remand to the Personnel Commission for reconsideration in additional proceedings consistent with this opinion.

Reversed and remanded.

Judges BECTON and GREENE concur.