ROBERT J. BATTEN v. N.C. DEPARTMENT OF CORRECTION

No. 76PA89

(Filed 1 March 1990)

1. Appeal and Error § 6.3 (NCI3d)— absence of subject matter jurisdiction—ruling appealable

An order issued by a trial court holding that an adminstrative agency does not have subject matter jurisdiction over the issues on appeal is immediately appealable under N.C.G.S. § 1-277(a) because it determines or discontinues the action.

Am Jur 2d, Administrative Law § 646; Appeal and Error § 87.

2. State § 12 (NCI3d)— state employee grievance—jurisdiction of State Personnel Commission and Office of Administrative Hearings—applicable statute

Among all of the provisions of Article 8 of the State Personnel Act, only section 126-37 confers upon the State Personnel Commission or upon the Office of Administrative Hearings the jurisdiction, or power, to deal with a state employee grievance based on a reduction in position prompted by managerial reallocation of personnel. Insofar as *Poret v. State Personnel Comm.*, 74 N.C. App. 536 (1985) and *N.C. Dept. of Justice v. Eaker*, 90 N.C. App. 30 (1988) hold otherwise, they are overruled.

Am Jur 2d, Administrative Law § 203; Civil Service §§ 72, 74.

3. State § 12 (NCI3d) — grievance of Department of Correction employee — no exemption under Administrative Procedure Act

The exemption of the Department of Correction from the Administrative Procedure Act, G.S. Ch. 150B, does not apply to a Department of Correction employee whose job classification is not one of those exempted from grievance review and appeal under the State Personnel Act, G.S. Ch. 126. Therefore, petitioner, a permanent employee in a non-policymaking, non-academic position in the Department of Correction, was not barred from the appeal procedures of the Administrative Procedure Act by that Act's general exclusion of his department from its provisions.

Am Jur 2d, Administrative Law § 203; Civil Service §§ 72, 74.

4. State § 12 (NCI3d) — state employee — demotion without sufficient cause — contested case — appeal conducted by Office of Administrative Hearings

An allegation that a permanent state employee was "demoted in rank without sufficient cause" stated grounds for his department's action to be deemed "disciplinary" within the meaning of N.C.G.S. § 126-35, even though his reduction in position was prompted by managerial reallocation of personnel rather than by employee misconduct, and presented a "contested case" within the meaning of N.C.G.S. § 126-37(a). Therefore, plaintiff's grievance invoked first the jurisdiction of the State Personnel Commission and, on appeal, that of the Office of Administrative Hearings.

Am Jur 2d, Administrative Law § 203; Civil Service §§ 72, 74.

ON discretionary review of an unpublished opinion of the Court of Appeals, 92 N.C. App. 595, 376 S.E.2d 53 (1988), dismissing as interlocutory an appeal from an order entered by *Stephens, J.,* at the 4 January 1988 Civil Session of Superior Court, WAKE County. Heard in the Supreme Court 9 October 1989.

*Kirk, Gay, Kirk, Gwynn & Howell, by Philip G. Kirk and Katherine M. McCraw, for petitioner-appellant.*

*Lacy H. Thornburg, Attorney General, by Sylvia Thibaut, Assistant Attorney General, for respondent-appellee.*

IN THE SUPREME COURT

## BATTEN v. N.C. DEPT. OF CORRECTION

[326 N.C. 338 (1990)]

WHICHARD, Justice.

This case concerns the grievance of an employee of the Department of Correction (DOC) who was "reallocated"[1] pursuant to a managerial reorganization of correctional facility personnel. Grievance procedures available to the employee are set forth in the State Personnel Act, N.C.G.S. §§ 126-1 through 126-88, and in the administrative code regulations authorized thereunder. Because reallocation in this employee's case entailed a reduction in position, the action was "disciplinary" within the meaning of the Act. Such actions entitle "permanent state employees"[2] subject to the Act to review of the action in accordance with the procedures set forth in the Administrative Procedure Act, N.C.G.S. §§ 150B-1 through 150B-64.

When the Harnett Correctional Center was converted from a youth prison to an adult facility, petitioner was reallocated from his position as a correctional lieutenant, at pay grade level sixty-six, to that of a correctional officer, at pay grade level sixty-two. Petitioner has not alleged that his reallocation was the result of either discrimination or disciplinary action. The reallocation did not affect petitioner's pay or benefits; he contends, however, that because the pay scale at grade level sixty-two peaks at a lower figure than the pay scale for grade level sixty-six, the reallocation eventually will affect the maximum amount of compensation he could earn.

---

1. The North Carolina Administrative Code defines "reallocation" as "the assignment of a position to a different classification." 25 NCAC 1D .0601. Reallocation to a lower grade may be effected as a disciplinary measure, in which case it is treated as a "demotion," 25 NCAC 1D .0603(b)(2), or it may result from "management needs not associated with the employee's . . . performance." 25 NCAC 1D .0603(b)(1).

2. "Permanent State employee" is defined in the State Personnel Act as a person

(1) in a grade 60 or lower position who has been continuously employed by the State of North Carolina for the immediate 12 preceding months;

(2) in a grade 61 to grade 65 position who has been continuously employed by the State of North Carolina for the immediate 36 preceding months;

(3) in a grade 66 to grade 70 position who has been continuously employed by the State of North Carolina for the immediate 48 preceding months; or

(4) in a grade 71 or higher position who has been continuously employed by the State of North Carolina for the immediate 60 preceding months at the time of the act, grievance, or employment practice complained of.

N.C.G.S. § 126-39 (1989).

**BATTEN v. N.C. DEPT. OF CORRECTION**

[326 N.C. 338 (1990)]

Petitioner was informed by the DOC personnel director that nondisciplinary reallocations were reviewed by the Personnel Office and that its recommendation would be forwarded to the Secretary of Correction. Upon review of petitioner's case, the Secretary decided to let prior actions of the department stand, and petitioner was informed that there were no further means of appeal within the department. He was simultaneously informed that if he wished to pursue his grievance, he must contact the Director of Employee Relations at the Office of State Personnel.

Petitioner accordingly requested information from the Office of State Personnel about the nonhearing, complaint resolution procedure of the State Personnel Commission. Petitioner's letter attempting to perfect his grievance with the State Personnel Commission was answered by a memorandum from the Office of State Personnel enclosing a "Hearing Request Information Form" for a contested case hearing under the aegis of the Office of Administrative Hearings (OAH) pursuant to N.C.G.S. § 150B-23(a).

Petitioner pursued this avenue of relief, but the DOC filed a motion to dismiss for lack of subject matter jurisdiction. The OAH denied the motion, found that jurisdiction did lie with it pursuant to N.C.G.S. § 126-37, and denied the DOC's motion for reconsideration, its petition for writ of certiorari, and its motion to stay OAH proceedings. A motion to stay and a petition for writ of supersedeas were granted subsequently, however, by the Superior Court, Wake County.

The superior court held that the OAH did not have jurisdiction "to determine nondisciplinary matters, which do not involve allegations of discrimination, and which concern business judgments of agencies of the State, such as, in this case, a reallocation." The court ordered the matter remanded to the Office of State Personnel, directing that it review petitioner's grievance through its nonhearing, complaint resolution procedure.

The Court of Appeals dismissed petitioner's appeal without prejudice to his right to pursue the procedure dictated by the trial court, holding that the order entered by the trial court was interlocutory and did not affect a substantial right. On 5 April 1989 we allowed discretionary review. We now reverse.

[1] An order issued by a trial court holding that an administrative agency does not have subject matter jurisdiction over the issues

on appeal is immediately appealable under N.C.G.S. § 1-277(a) because it determines or discontinues the action. *See Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982) (order granting a motion to dismiss for lack of subject matter jurisdiction immediately appealable); Whichard, *Appealability in North Carolina: Common Law Definition of the Statutory Substantial Right Doctrine*, 47 Law & Contemp. Probs. 123, 127-28 n. 33 (1984). The Court of Appeals thus erred in dismissing the appeal as interlocutory and not affecting a substantial right. Because of inconsistent interpretation of the statutes authorizing the resolution of state employee grievances, we elect to determine the issues presented rather than remand to the Court of Appeals for such determination.

The issues involve statutory provisions governing the State Personnel System, codified at N.C.G.S. §§ 126-1 through 126-88. Article 8 of that Act, dealing with "Employee Appeals of Grievances and Disciplinary Action," N.C.G.S. §§ 126-34 through -41, read together with provisions for administrative hearings of "contested cases" under Article 3 of the Administrative Procedure Act, N.C.G.S. §§ 150B-22 through 150B-37, entitles certain state employees "aggrieved" by agency or departmental decisions affecting their employment to administrative and judicial review of those decisions. *See* N.C.G.S. § 150B-43 (1987). The question whether the trial court erred in determining that the OAH did not have subject matter jurisdiction to review petitioner's appeal and whether petitioner is otherwise entitled to the review procedures outlined in Chapter 150B turns upon three subsidiary questions: first, what is the source of OAH jurisdiction over such appeals; second, whether petitioner is barred by the general exemption of the DOC from the provisions of Chapter 150B; and third, whether an appeal of a reduction in position prompted by managerial reallocation of personnel rather than by allegations of employee misconduct is a "contested case" arising under the State Personnel Act, the appeal of which must be conducted in the OAH in accordance with the provisions of Chapter 150B. *See* N.C.G.S. § 126-37(a) (1989).

I.

The jurisdiction of the OAH over the appeals of state employee grievances derives not from Chapter 150B, but from Chapter 126. The administrative hearing provisions of Article 3, Chapter 150B, do not establish the right of a person "aggrieved" by agency action to OAH review of that action, but only describe the procedures

BATTEN v. N.C. DEPT. OF CORRECTION

[326 N.C. 338 (1990)]

for such review. *See* N.C.G.S. § 150B-23(a) (1987). The purpose of that Chapter is narrowly defined: "to establish as nearly as possible a uniform system of administrative rule making and adjudicatory procedures for State agencies." N.C.G.S. § 150B-1(b) (1987).

[2] OAH jurisdiction over appeals of state employee grievances is granted in the State Personnel Act: "Appeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B." N.C.G.S. § 126-37(a) (1989). Such appeals do not reach the OAH unless the grievance meets a number of statutory conditions precedent. First, it must be an appeal "involving a disciplinary action, alleged discrimination, and any other contested case arising under [the State Personnel Act]." *Id.* Second, employees whose grievances arise out of their employment, other than those who allege discrimination, must have complied with N.C.G.S. § 126-34, which requires all permanent state employees having such a grievance arising out of or due to their employment first to discuss their problem or grievance with their supervisor, then to follow the grievance procedure established by their department or agency. N.C.G.S. § 126-34 (1989); N.C.G.S. § 126-37(a) (1989). Third, unless the provision describing his dispute permits direct appeal to the Personnel Commission, *see, e.g.*, N.C.G.S. §§ 126-5(h), -36, -36.1, -36.2 (1989), an employee who has met the prerequisites of section 126-34 and who remains dissatisfied with the final decision of the head of his department or agency may appeal to the Personnel Commission for investigation of that action. N.C.G.S. § 126-37(a) (1989). Among all the provisions of Article 8, only section 126-37 confers upon the State Personnel Commission or upon the OAH the jurisdiction, or power, to deal with the action in question. *See* W. Shuford, *N.C. Civil Practice and Procedure* § 12-6 (1988). Insofar as *Poret v. State Personnel Comm.*, 74 N.C. App. 536, 539, 328 S.E.2d 880, 883, *disc. rev. denied*, 314 N.C. 117, 332 S.E.2d 491 (1985) and *N.C. Dept. of Justice v. Eaker*, 90 N.C. App. 30, 39, 367 S.E.2d 392, 398, *disc. rev. denied*, 322 N.C. 836, 371 S.E.2d 279 (1988), hold otherwise, they are overruled.

## II.

[3] The DOC is one of several departments exempted from the provisions of the Administrative Procedure Act. *See* N.C.G.S. § 150B-1(d) (1987). This broad exemption, however, appears to be

contradicted by provisions of the State Personnel Act that detail a system of investigation, review, and appeal for certain personnel decisions affecting state employees and that specifically refer to the role of the OAH and the procedures of Chapter 150B as part of that process. The State Personnel Act empowers the State Personnel Commission to establish policies and rules governing personnel administration, including investigating complaints and taking "other appropriate action concerning employment, promotion, demotion, transfer, discharge, and reinstatement." N.C.G.S. § 126-4(9) (1989). The Act specifies that its provisions apply to "[a]ll State employees not herein exempt." N.C.G.S. § 126-5(a)(1) (1989). "Teaching and related educational classes of employees of the Department of Correction" are specifically exempted from certain provisions of the Act, N.C.G.S. § 126-5(c3) (1989), as are any policymaking positions in that department that the Governor may designate. N.C.G.S. § 126-5(d)(1) (1989). However, permanent, non-academic, non-policymaking employees of the DOC are notably not among the exempted state employees enumerated, despite the length and detail of the list. *See* N.C.G.S. §§ 126-5(c)(1)-(4), 126-5(c1)(1)-(14), 126-5(c2)(1), (2), 126-5(c4), and 126-5(d)(1) (1989).

When two statutes deal with common subject matter, one in "general and comprehensive terms" and the other "in a more minute and definite way," they should be read together and harmonized, if possible, to effectuate consistent legislative policy. *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (quoting 82 C.J.S. *Statutes* § 369 (1953)). "[B]ut, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute . . . unless it appears that the legislature intended to make the general act controlling." *Id.* Thus, the detailed provisions of Chapter 126, which govern the appeal of personnel actions affecting state employees, prevail with respect to DOC employees over the general departmental exclusion stated in the Administrative Procedure Act. The fact that Chapter 150B merely provides procedural guidelines to be followed in order to satisfy substantive rights established under Chapter 126 lends additional weight to our recognition that the exemption of the DOC from Chapter 150B does not apply to a DOC employee whose job classification is not one of those exempted from grievance review and appeal under Chapter 126. Moreover, the exclusion of a particular circumstance from a statute's general

BATTEN v. N.C. DEPT. OF CORRECTION

[326 N.C. 338 (1990)]

operation is evidence of legislative intent not to exempt other particular circumstances not expressly excluded. *See Barnhardt v. Cab Co.*, 266 N.C. 419, 428, 146 S.E.2d 479, 485 (1966). Thus, the particularized exclusion of certain DOC employees from the provisions of Chapter 126 plainly indicates the General Assembly's intent that the Act's provisions for appeals of employment grievances apply to those not so excluded. Petitioner, a permanent employee in a non-policymaking, non-academic position in the DOC, thus was not barred from the appeal procedures of the Administrative Procedure Act by that Act's general exclusion of his department from its provisions.

III.

[4] The question whether petitioner's appeal was a "contested case" arising under the State Personnel Act turns upon whether he has stated grounds recognized in that Act as meriting administrative review and appeal. Although several sections in the Act describe employment-related grounds for such review,[3] only section 126-35 states as grounds the particular adverse departmental action of which petitioner complained in this case. The first sentence of the section provides that "[n]o permanent state employee subject to the State Personnel Act shall be discharged, suspended, or reduced in pay or position, except for just cause." N.C.G.S. § 126-35 (1989). Although this provision proceeds to refer to such adverse action as "disciplinary," it is apparent that the focus of the review is justification of the adverse departmental action, without regard to whether it is taken in response to employee conduct or in response to the vicissitudes of a department's personnel needs.

A "contested case" is not defined in the State Personnel Act. It is defined, however, in Chapter 150B, as "an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges." N.C.G.S. § 150B-2(2) (1987). This definition

---

3. *E.g.*, N.C.G.S. § 126-5(h) (dispute between employer and employee as to whether latter non-exempt); N.C.G.S. §§ 126-14(c), -14.1(c) ("disciplinary actions": false accusation of coercion of political help from fellow employee); N.C.G.S. § 126-25 (employee objection to inaccurate or misleading material in personnel file); N.C.G.S. §§ 126-27, -28 (prohibiting unauthorized examination of personnel files); N.C.G.S. § 126-35 (disciplinary actions); N.C.G.S. §§ 126-16, -36 (alleged discrimination on unlawful bases); N.C.G.S. § 126-36.2 (denial of promotion because of employer's failure to post job vacancy or to give employee priority consideration); N.C.G.S. § 126-82(d) (employer failure to give qualified veteran preference).

is narrowed subsequently to a procedural status, referring to a complaint that has satisfied the prerequisite of informal review:

> It is the policy of this State that any dispute between an agency and another person that involves the person's rights, duties, or privileges, . . . should be settled through informal procedures. . . . Notwithstanding any other provision of law, if the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a "contested case."

N.C.G.S. § 150B-22 (1987).

"Unless the contrary appears, it is presumed that the Legislature intended the words of the statute to be given the meaning which they had in ordinary speech at the time the statute was enacted. . . . However, the context of the statute must also be considered." *Transportation Service v. County of Robeson*, 283 N.C. 494, 500, 196 S.E.2d 770, 774 (1973) (citations omitted). Read in the context of N.C.G.S. § 126-37(a), which provides that "[a]ppeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B," "contested case" clearly derives its meaning from the latter, procedural statute.

The right of permanent state employees subject to the State Personnel Act not to "be discharged, suspended, or reduced in pay or position, except for just cause," is clearly stated among the provisions of that Act. The abrogation of this right comprises grounds for employee grievances, their investigation, and appeal under the provisions of Article 8, N.C.G.S. §§ 126-34 through 126-41, "Employee Appeals of Grievances and Disciplinary Action." A permanent state employee who alleges he has been "reduced in . . . position [without] just cause" is entitled to the review and appeal provisions outlined in Article 8, whether the motive for his demotion was illegally discriminatory or retaliatory, N.C.G.S. § 126-36 (1987), or apparently or actually disciplinary, N.C.G.S. § 126-35. Because this section deems such departmental or agency action "disciplinary," we hold that an allegation that an employee has been "demoted in rank without sufficient cause" invokes first the jurisdiction of the State Personnel Commission, then, on appeal,

BATTEN v. N.C. DEPT. OF CORRECTION

[326 N.C. 338 (1990)]

that of the OAH, even when there has been no documented misconduct by the employee. See N.C.G.S. § 126-35 (1989).

Petitioner's allegation that he had been "demoted in rank without sufficient cause" stated grounds under the Act for his department's action to be deemed "disciplinary" within the meaning and intent of N.C.G.S. § 126-35 and for his case to be considered "contested" within the meaning and intent of N.C.G.S. § 126-37(a). Because he had properly pursued all informal procedures mandated by the State Personnel Act and by the North Carolina Administrative Code for the resolution of his grievance,[4] petitioner's appeal also fit the procedural profile of a "contested case" for purposes of its review by the OAH under Chapter 150B. We accordingly hold that, contrary to the conclusion of the trial court, the OAH did have jurisdiction to determine petitioner's appeal, and we reverse the dismissal by the Court of Appeals and remand to that court for subsequent remand to that agency in order for petitioner's appeal to be heard.

Court of Appeals opinion reversed; superior court order reversed; case remanded.

---

4. The section of the North Carolina Administrative Code governing "Employee Grievances" outlines "a procedure representative of the minimum provisions" for a grievance review by the State Personnel Commission. 25 NCAC 1J .503(1)-(3). In addition, the Personnel Manual of the North Carolina Office of State Personnel permits a nonhearing, complaint resolution procedure before the Employee Relations Division of the Office of State Personnel, "designed to provide an informal, nonadversarial method of reviewing employee complaints." Manual, § 9, p. 18. This procedure does not displace an employee's statutory entitlement to a contested case hearing under the provisions of Chapter 150B, and the Manual notes that these are available to either the employee or his department or agency if the nonhearing, complaint resolution procedure fails to resolve their dispute.