WILLIAM C. NEAL, PETITIONER-APPELLEE v. FAYETTEVILLE STATE UNIVERSITY, RESPONDENT-APPELLANT

No. COA97-1423

(Filed 17 November 1998)

## 1. Public Officers and Employees— RIF policy—failure to follow—no presumption of harm

The trial court erred in an action arising from the elimination of petitioner's state government position by finding that the substantial evidence in the whole record does not support the conclusion that FSU's failure to follow the State's RIF policy was harmless. The presumption in *N.C. Dept. of Justice v. Eaker*, 90 N.C. App. 30, that harm is presumed from a violation of RIF policy does not apply here because petitioner was not one of a class of employees from which one would be chosen to be terminated and a reviewing court would not be forced to speculate on how an agency would weigh factors. Petitioner made no showing that jobs were available during the delay in informing him of his priority reemployment status and therefore failed to show harm.

**2. Appeal and Error— inadequate relief at trial—properly raised by cross-appeal**

A cross-assignment of error in which petitioner contended that the relief granted was inadequate was overruled; such argument can only be made by cross-appeal.

Appeal by respondent from an order entered 1 October 1997 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 26 August 1998.

*Hilliard & Jones, by Thomas Hilliard, III, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General R. Bruce Thompson, II and Associate Attorney General Joyce S. Rutledge, for respondent-appellant.*

WALKER, Judge.

Petitioner initiated this action by filing a petition for a contested case hearing in the Office of Administrative Hearings on 12 April 1995. The issue presented at the hearing was whether respondent, Fayetteville State University (FSU), had failed to comply with state reduction in force (RIF) policy resulting in harm to the petitioner. The Administrative Law Judge (ALJ) issued a recommended decision ruling in favor of FSU on 22 April 1996 in which she concluded that any error made by FSU in following the RIF policy was harmless. The State Personnel Commission adopted that decision on 9 June 1997 denying petitioner's request for reinstatement, back pay, and attorney fees. Petitioner filed for review and the trial court reversed the Commission and found that because RIF policy was violated, harm to the petitioner was presumed. The trial court then ordered that the petitioner be compensated for his reduction in salary from July 1993 until May 1994 and for reasonable attorney fees.

Petitioner worked for FSU from 1980 until 29 April 1994. From 1 October 1988 until 1 July 1993, he was employed as a Business Officer I, pay grade 73, and his title was Director of Business Services. His duties were to manage the vending, switchboard, print shop, facilities management, bookstore and postal operations, and his position was funded by the receipts of those operations. On 30 April 1993, petitioner was informed by a letter from Benson Otovo, Vice Chancellor for Business and Finance, that his position was being eliminated due to a reorganization of his responsibilities, which included the con-

tracting out of bookstore operations and the reassignment of other operations to different FSU departments. At that time, petitioner was not informed of his right to priority reemployment consideration as required by 25 North Carolina Administrative Code (NCAC) 1D.0510. Even though the petitioner's position of Director of Business Services was eliminated on 30 June 1993, the Business Officer I designation remained on the personnel inventory for FSU. Otovo testified that it was common practice for state agencies to "park" designated positions that were on their personnel inventory during periods when the actual jobs were not needed or when there was a lack of funding. This was done to avoid the protracted process of requesting a new position from State Personnel when needs increased.

On 1 July 1993, petitioner transferred to the position of Accountant I, pay grade 71, in a separate department at FSU. As a result, his pay was decreased by $6,861. Soon after this transfer, petitioner inquired of the personnel director at FSU about his RIF status. As a result of this contact, petitioner was placed in the RIF system. The RIF system is a database maintained by State Personnel that lists state employees whose positions have been eliminated recently and who are eligible for priority consideration for state employment vacancies.

On 30 July 1993, petitioner received a letter from State Personnel informing him that he was eligible for priority reemployment consideration for a period of 12 months from 30 April 1993, the date he was notified of the elimination of his job. After receiving this notification, petitioner complained to the personnel director that he had not yet been placed in the RIF system, and as a result, petitioner's priority status was extended for three additional months until 30 July 1994. On 29 April 1994, petitioner resigned from FSU to accept a job as Budget Officer, pay grade 73, at the Department of Mental Health in Raleigh.

After petitioner's resignation, FSU received an additional appropriation from the General Assembly for a number of construction projects and a portion of the funds was used to create the new position of Assistant to the Vice Chancellor for Business and Finance, which petitioner contended was the same Business Officer I designation held by him.

[1] FSU assigns as error the trial court's finding that "the substantial evidence in the whole record does not support the conclusion that FSU's failure to follow RIF policy was harmless." Also, they contend

the trial court erred in concluding the Personnel Commission erred in adopting the conclusions of the ALJ, and in awarding attorney fees and compensation to petitioner. FSU further contends that the trial court erroneously relied on the holding in *N.C. Dept. of Justice v. Eaker*, 90 N.C. App. 30, 367 S.E.2d 392 (1988) in finding that harm to the petitioner is presumed from a violation of RIF policy. *N.C. Dept. of Justice v. Eaker*, 90 N.C. App. 30, 367 S.E.2d 392 (1988), *overruled on other grounds*, *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990). Petitioner argues that any violation of RIF policy creates the *Eaker* presumption of harm and that such a presumption was properly applied by the trial court.

The standard of review on appeal from an order affirming or reversing an agency decision is the same as that employed by the trial court. *Dorsey v. UNC-Wilmington*, 122 N.C. App. 58, 62-63, 468 S.E.2d 557, 560, *cert. denied*, 344 N.C. 629, 477 S.E.2d 37 (1996). Thus, when the issue on appeal is whether the agency decision is supported by the evidence, the "whole record" test is appropriate, and if the issue is whether there is an error of law, *de novo* review is required. *Id.* Since the trial court reviewed the whole record to determine whether the agency's decision was supported by the evidence, we likewise apply the whole record test.

Section .0504 of the State personnel regulations governing procedures for RIF policy regarding state employees is as follows:

> A State government agency may separate an employee whenever it is necessary due to shortage of funds or work, abolishment of a position or other material change in duties or organization. Retention of employees in classes affected shall, as a minimum, be based on a systematic consideration of all the following factors: type of appointment, relative efficiency, actual or potential adverse impact on the diversity of the workforce and length of service.

N.C. Admin. Code tit. 25, r. 1D.0504 (June 1998). Section .0510 provides that if an employee is separated due to RIF, he or she will be given priority reemployment consideration. N.C. Admin. Code tit. 25, r. 1D.0510 (June 1998). The procedure for conferring the priority status along with the purpose for the policy is described in section .0511:

> Upon written notification of imminent separation through reduction in force, an employee shall receive priority reemploy-

ment consideration for a period of 12 months pursuant to G.S. 126-7.1(c1). . . . Priority reemployment consideration is intended to provide employment at an equal employment status to that held at the time of notification.

N.C. Admin. Code tit. 25, r. 1D.0511 (June 1998).

In reviewing the agency action, we must examine petitioner's separation due to RIF in the context of *Eaker* and the presumption of prejudice created by that decision. In *Eaker*, the Department of Justice sought to eliminate a Research Associate position in their Sheriff's Standards Division. *Eaker*, 90 N.C. App. at 31, 367 S.E.2d at 394. Mr. Eaker's position was eliminated and he petitioned for a contested case hearing. Alleging political discrimination and RIF violations, he presented evidence that he had qualifications equal to or better than other Research Associates within the Division whose positions were not eliminated. The Personnel Commission rejected Eaker's political discrimination claim but held that the Department had failed to properly consider the factors outlined in 25 NCAC 1D.0504 when determining which employee to terminate and ordered that Eaker be reinstated. The trial court reversed the Commission on the ground that petitioner had failed to show prejudice resulting from the Department's failure to consider the factors under section .0504.

On appeal, this Court reversed the trial court and found that a presumption of prejudice existed where petitioner showed that the Department had not considered the section .0504 factors. The Court's reasoning was as follows:

To show prejudice from failure to follow the policy, petitioner would have to show, not only how he stood in relation to other employees in the same class as to type of appointment, length of service, and work performance, but he would have to show the weight which the Department would attribute to each of those factors. The Commission and the reviewing court would be relegated to speculating how the Department would weigh each factor.

*Id.* at 38, 367 S.E.2d at 398. This Court then held that because the Commission's regulations are promulgated under statutory authority, they have the effect of law and must be strictly followed and enforced. *Id.* Thus, we concluded that the presumption existed because Eaker, as a member of a class from which one employee

would be terminated, would be required to compare himself against the other members of the class to meet his burden to show prejudice. That burden would be nearly impossible to meet; therefore, the presumption was necessary.

In the present case, the facts are distinguishable from *Eaker.* The petitioner was not part of a class of employees from which one would be chosen to be terminated. Petitioner's position was the only one to be eliminated because those duties were being reassigned. Although a RIF by definition, the elimination of petitioner's job did not require the consideration of the factors listed in section .0504 because the petitioner was not being compared to other employees. Since no comparison was required which would force a reviewing court to speculate how an agency would weigh factors, the *Eaker* presumption does not apply in this case.

The trial court found that FSU delayed telling petitioner about his priority reemployment consideration status for three months after he was notified that his job was being eliminated. Even though there was a delay contrary to RIF policy set forth in section .0511, this delay does not entitle petitioner to recover unless he can show resulting injury. *Jones v. Dept. of Human Resources,* 300 N.C. 687, 268 S.E.2d 500 (1980); *Carey v. Piphus,* 435 U.S. 247, 55 L. Ed. 2d 252 (1978). Petitioner has made no showing that in the three-month period from 30 April 1993 until 30 July 1993, during which he could not avail himself of the RIF priority status, that jobs were available for which he could have used the priority status to gain employment. Therefore, petitioner has failed to show any harm from the delay for which he can recover.

[2] The petitioner has cross-assigned as error the trial court's failure to reinstate him to the Business Officer I position now titled Assistant to the Vice-Chancellor for Business and Finance at FSU. Appellate Rule 10(d) governs cross-assignments of error and provides that "an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of *an alternative basis in law for supporting the judgment, order, or other determination from which the appeal was taken.*" N.C.R. App. P. 10(d) (emphasis added). Petitioner contends that the relief granted was inadequate; however, such argument can only be made by cross-appeal. *Cox v. Robert C. Rhein Interest, Inc.,* 100 N.C. App. 584, 397 S.E.2d 358 (1990); *Stanback v. Westchester Fire Ins. Co.,* 68 N.C. App. 107, 314 S.E.2d 775 (1984). Therefore, petitioner's cross-assignment of error is overruled.

SANDERS v. BROYHILL FURNITURE INDUS.

[131 N.C. App. 383 (1998)]

Although FSU failed to inform petitioner of his priority reemployment consideration status at the time he was notified of his job being eliminated, after a careful review of the record, we find that he has failed to show any harm by the delay. Therefore, the order of the trial court is reversed and the case is remanded to the trial court for reinstatement of the order of the State Personnel Commission.

Reversed and remanded.

Judges LEWIS and MARTIN, John C., concur.