[338 N.C. 302 (1994)]

NORTH BUNCOMBE ASSOCIATION OF CONCERNED CITIZENS, INC., SUCCESSOR TO THE FLAT CREEK UNINCORPORATED ASSOCIATION OF CONCERNED CITIZENS; GARY HENSLEY, PRESIDENT OF THE CORPORATION; AND GARY HENSLEY, INDIVIDUALLY, AND WIFE, DEBBIE HENSLEY, PETITIONERS v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, RESPONDENT, AND VULCAN MATERIALS COMPANY, INTERVENOR

No. 506PA93

(Filed 3 November 1994)

**Administrative Law § 30 (NCI4th)— permit to operate rock quarry—contested case hearing—jurisdiction**

The Court of Appeals erred by holding that the Office of Administrative Hearings did not have jurisdiction to conduct a contested case hearing regarding a permit to operate a rock quarry. The Administrative Procedure Act grants the right to a contested case hearing to all persons aggrieved by a state agency decision unless jurisdiction is expressly excluded by the APA or the organic act which created the right. There was no such exclusion in this case.

**Am Jur 2d, Administrative Law §§ 340-375.**

On discretionary review of an unpublished opinion of the Court of Appeals, 112 N.C. App. 366, 437 S.E.2d 539 (1993), reversing orders by Lewis (Robert D.), J., entered at the 1 July 1991 and 3 September 1991 sessions of Superior Court, Buncombe County. Heard in the Supreme Court 13 May 1994.

This case brings to the Court a question as to the proper way to review an agency decision of the North Carolina Department of Environment, Health and Natural Resources (DEHNR). DEHNR, after a public hearing, issued on 18 April 1988, a mining permit to Vulcan Materials Company to operate a rock quarry. On 31 May 1988, the petitioners filed an action in the Superior Court, Buncombe County for a declaratory judgment. The petitioners alleged five different claims among which were that the Mining Act of 1971, N.C.G.S. §§ 74-46 to -68, is unconstitutional on its face and as applied to them, that DEHNR failed to comply with the Mining Act in issuing the permit, and that DEHNR's action in awarding a permit without requiring an environmental impact statement as mandated by Buncombe County, rendered the agency action void. The superior court allowed summary judgment for respondents on the first two claims and summary

NORTH BUNCOMBE ASSN. OF CONCERNED CITIZENS v. N.C. DEPT. OF E.H.N.R.

[338 N.C. 302 (1994)]

judgment on the third claim for petitioners. The superior court ordered the permit cancelled.

The Court of Appeals reversed. It held that the superior court did not have jurisdiction because the petitioners had not exhausted their administrative remedies. The Court of Appeals said that the Administrative Procedure Act, N.C.G.S. § 150B-1 *et seq.* (APA), required that the petitioners petition the Office of Administrative Hearings (OAH) for a contested case hearing.

After the Court of Appeals rendered its decision, the petitioners filed a petition with the OAH on 7 November 1990 for a contested case hearing. An administrative law judge (ALJ) held on 7 May 1991, that there was no statutory provision which time barred the petitioners from having a contested case hearing because the agency decision was made prior to the effective date of N.C.G.S. § 150B-23(f). The ALJ held, however, that based on the record the petition was not timely filed. The ALJ dismissed the case.

The superior court reversed the ALJ. It held that the ALJ could not decide questions of law such as laches, or reasonable or unreasonable time limitations within which to determine a person's rights, duties, or privileges. The superior court set the case for a hearing on this question. Both sides appealed to the Court of Appeals.

The Court of Appeals reversed the superior court. The panel of the Court of Appeals which heard the second appeal in this case held, contrary to the holding of the panel which heard the first appeal, that the petitioners had no right to a contested case hearing by the OAH. The Court of Appeals remanded the case with an order that it be dismissed. It ordered further that the petitioners be allowed to refile the original action.

We granted discretionary review.

*Long, Parker & Payne, P.A., by Robert B. Long, Jr., and Reynolds & McArthur, by Steve Warren, for petitioner-appellees.*

*Michael F. Easley, Attorney General, by Philip A. Telfer, Special Deputy Attorney General, for respondent-appellant North Carolina Department of Environment, Health, and Natural Resources.*

*Womble, Carlyle, Sandridge & Rice, by H. Grady Barnhill, Jr., Keith A. Clinard, Yvonne C. Bailey and Roddey M. Ligon, Jr., for intervenor-appellant Vulcan Materials Company.*

NORTH BUNCOMBE ASSN. OF CONCERNED CITIZENS v. N.C. DEPT. OF E.H.N.R.

[338 N.C. 302 (1994)]

WEBB, Justice.

The resolution of this appeal depends on whether the petitioners are entitled to a contested case hearing by the OAH on their claim that the mining permit should not have been issued. If they were, it was error for the Court of Appeals to order this case dismissed. The Court of Appeals, relying on *Batten v. N.C. Dept. of Corrections*, 326 N.C. 338, 389 S.E.2d 35 (1990), held that the APA does not provide for the right to a contested case hearing, but only provides for the method of hearing when the organic statute which delineates a substantive right provides for such a hearing. The Mining Act of 1971 does not provide for a contested case hearing for the petitioners in this case and the Court of Appeals concluded that the petitioners had no such right.

After the Court of Appeals rendered its decision in this case we decided *Empire Power Co. v. N.C. DEHNR*, 337 N.C. 569, 447 S.E.2d 768 (1994), a case based on facts very similar to this case. In that case, we clarified some of the language of *Batten* and held that the APA grants the right to a contested case hearing to all persons aggrieved by a state agency decision unless jurisdiction is expressly excluded by the APA or the organic act which created the right. There is no such exclusion in this case. It was error for the Court of Appeals to hold that the OAH did not have jurisdiction to conduct a contested case hearing on the petitioners' claim. This case must be returned to the superior court for a hearing as to whether the petition was timely filed.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.