CALABRIA, Judge.
*269 Defendant State of North Carolina ("the State") appeals from an order denying its motion for summary judgment and granting Plaintiff *270 Joseph Vincoli's ("Vincoli") motion for summary judgment in a declaratory judgment action initiated by Vincoli. In its order, the trial court declared that the enactment of N.C. Gen. Stat. § 126-34.02, a provision of the North Carolina Human Resources Act ("NCHRA"),[1] was unconstitutional as applied to Vincoli because it did not provide him the right to a contested case hearing before the Office of Administrative Hearings ("OAH") to challenge the designation of his position as "exempt" from the NCHRA. In addition, the trial court's order permanently enjoined the State from enforcing the statute against Vincoli and ordered that the State provide Vincoli with an OAH hearing to review the designation of his position as exempt. Because we conclude that N.C. Gen. Stat. § 126-5(h) does provide for the right to such a hearing, we reverse.
I. Background
In 2010, Vincoli was hired by the North Carolina Department of Public Safety ("DPS") into a position subject to the NCHRA[2] and subsequently attained the status of a "career State employee." A "career State employee" is afforded certain protections provided by the NCHRA, such as the right not to be disciplined except for just cause. However, the NCHRA also grants the Governor the authority to designate positions within departments of state government, including DPS, as "policymaking" or "managerial" exempt from the provisions of the NCHRA.
Until 2013, a career State employee whose non-exempt position was subsequently designated as exempt was entitled by N.C. Gen. Stat. § 126-34.1(c) to a contested case hearing before OAH to challenge the propriety of the designation. Regarding the process afforded a career state employee aggrieved by an exempt declaration, our Supreme Court has explained:
Contested case hearings are conducted by the Office of Administrative Hearings (OAH) and are heard by an Administrative Law Judge (ALJ). The ALJ makes a recommendation to the Commission, N.C.G.S. § 150B-34 (1995), and the Commission then makes a final decision based upon the record from the OAH, N.C.G.S. § 150B-36 (1995). If the employee or state agency is aggrieved by the Commission's final decision, either party may petition the superior court for judicial review, *271 N.C.G.S. § 150B-43 (1995), as petitioner Powell did in this case. Review is then conducted in accordance with N.C.G.S. § 150B-51(b).
Powell v. N.C. Dep't of Transp. , 347 N.C. 614, 616-17, 499 S.E.2d 180, 181 (1998).
*815 On 21 August 2013, the Governor signed into law House Bill 834, which substantially revised the NCHRA. A career state employee's ability to challenge an exempt designation pursuant to the previous process changed with the passage of "An Act Enhancing the Effectiveness and Efficiency of State Government by Modernizing the State's System of Human Resource Management and By Providing Flexibility for Executive Branch Reorganization and Restructuring ..." 2013 N.C. Sess. Laws, c. 382 ("the Act"). The Act, inter alia , amended the "Employee Grievance" section of the NCHRA by repealing N.C. Gen. Stat. § 126-34.1 and replacing it with N.C. Gen. Stat. § 126-34.02, which omitted an employee's action to challenge an exempt designation as grounds for a contested case hearing and, in effect, eliminated a career state employee's opportunity to a contested case hearing before OAH on this issue.
On 1 October 2013, Vincoli, who was employed by DPS as a Special Assistant to the Secretary for Inmate Services and who had attained career status, was notified that the Governor had declared his position as "managerial exempt." Approximately two months later, on 6 December 2013, Vincoli received a letter terminating him from employment on the stated grounds that "a change in agency staff is appropriate at this time[.]"
According to the pleadings in Vincoli's OAH proceeding,[3] Vincoli filed an internal grievance with DPS challenging the designation of his position as exempt. In response, Vincoli received a letter from DPS refusing to entertain his grievance on the basis that "he was not eligible for the internal appeal process as a 'managerial exempt' employee." Subsequently, Vincoli filed a grievance in the North Carolina Office of State Human Resources ("OSHR"), which refused to entertain Vincoli's grievance, concluding that: "In this particular case and on these particular facts, OSHR believes that there is no personal or subject matter jurisdiction for any claim by [Vincoli] for a just cause claim against DPS in either the agency grievance process or OAH." As a result, neither DPS nor OSHR issued a final agency decision on the matter.
*272 On 16 January 2014, Vincoli filed a petition for a contested case hearing with OAH, challenging his exemption and subsequent termination without just cause. Specifically, Vincoli asserted that
his designation as "managerial exempt" was in fact used to disguise a disciplinary dismissal without just cause that would fall within the scope of the State Personnel Act's protections against dismissal without just cause. [DPS'] action was a sham, pretext exemption designation ... and constituted a de facto dismissal[.]
In addition, Vincoli asserted that he was entitled to a contested case hearing based on N.C. Gen. Stat. § 126-5(h), which provides: "In case of dispute as to whether an employee is subject to the provisions of this Chapter, [the State Personnel Act,] the dispute shall be resolved as provided in Article 3 of Chapter 150B." In response, DPS filed a motion to dismiss, asserting that since Vincoli's position was designated as exempt, he was not entitled to challenge DPS' decision to terminate him. Additionally, DPS asserted that OAH lacked jurisdiction to determine whether the classification of Vincoli's position as managerial exempt was proper, on the basis that this issue was not included in N.C. Gen. Stat. § 126-34.02, and "[a]ny issue for which an appeal to OAH has not been specifically authorized cannot be grounds for a contested case hearing." Vincoli filed a response to DPS' motion to dismiss, asserting, in pertinent part:
[DPS] takes several pages to state what should be a fairly concise argument: The OAH lacks subject matter jurisdiction because the General Assembly repealed the portion of N.C.G.S. 126-34.1 listing improper exempt designation as appealable. The response is equally concise: while that provision was repealed, 126-5(h), mandating that disputes on whether one is subject to the State Personnel Act "shall be resolved as provided in Article 3 of Chapter *816 150B," was not. And, as shown below, it is 126-5, not 126-34.1, which controls whether a state employee is subject to the State Personnel Act. Accordingly, given the appeal right arises under 126-5, and that appeal right remains in force, the OAH has jurisdiction over [ ] Vincoli's appeal....
Vincoli asserted that he had
properly invoked the subject matter jurisdiction of the OAH in two separate and specific manners. He has alleged dismissal without just cause under 126-35(a), and has *273 likewise alleged a dispute about whether he is subject to the State Personnel Act under N.C.G.S. 126-5(h).
After a hearing, OAH entered an order on 10 April 2014 granting DPS' motion to dismiss for lack of subject matter jurisdiction. In its order, OAH made the following conclusions of law:
1. Effective August 21, 2013, the law changed controlling the matters over which the OAH has original jurisdiction, and the General Assembly repealed the right to appeal an exempt designation. This statutory change removes the rights of a state employee to challenge an exempt designation; therefore, the merits of this contested case will not be addressed.
2. As a managerial exempt employee, [Vincoli] is not subject to the provisions of Chapter 126. Therefore, G.S. 126-5(h) does not grant [Vincoli] the right to appeal his exempt designation or ultimate dismissal under G.S. 126-5(h) and Chapter 150B.
3. Only those grievance listed in G.S. 126-34.02 may be heard as contested cases in the OAH and only after review by the [OSHR]. [Vincoli's] exempt designation is no longer among the grievances listed; therefore, the OAH has no subject matter jurisdiction, which is the predicate authority for a contested case to proceed. The lack of subject matter jurisdiction requires that [Vincoli's] contested case be dismissed.
Vincoli had thirty days to appeal OAH's decision to the Court of Appeals of North Carolina. Vincoli did not timely appeal this order to our Court.
On 29 August 2014, Vincoli filed a complaint and petition for a declaratory judgment action under the North Carolina Uniform Declaratory Judgment Act ("NCUDJA"), N.C. Gen. Stat. § 1-253 to -267, in Wake County Superior Court, challenging the constitutionality of the Act and specifically the enactment of N.C. Gen. Stat. § 126-34.02 as applied to him. In his complaint, Vincoli asserted that the enactment of the challenged statute deprived him of his previously vested property interest in continued employment with the State without any due process or compensation. Specifically, Vincoli asserted that:
[U]pon reaching "career" status, [Vincoli] had a constitutionally protected, fully vested property interest *274 with respect to his employment with the State of North Carolina that created a reasonable expectation of continued employment with the State of North Carolina. Prior to the passage of [the Act] and codification of N.C.G.S. § 126-34.02, neither the Governor nor any State agency could have terminated or deprived Plaintiff of his property interest through an "exempt" designation without providing Plaintiff due process of law in the form of a contested case proceedings[.]
Vincoli requested declaratory relief, seeking a declaration that N.C. Gen. Stat. § 126-34.02 is unconstitutional and "such additional and further relief as [the court] deems appropriate."
On 7 October 2014, the State moved to dismiss Vincoli's claims, asserting, inter alia , that: (1) a career state employee may no longer challenge the designation of his position as exempt in OAH; (2) OAH lacked jurisdiction to entertain Vincoli's petition for a contested case hearing on the issue of whether his position was properly declared exempt; (3) due to the enactment of N.C. Gen. Stat. § 126-34.02, plaintiff has no cause of action in OAH to determine the propriety of the designation of his previous position as managerial exempt; and (4) OAH issued a decision concluding that, under N.C. Gen. Stat. § 126-34.02, plaintiff had no right to appeal the designation of his former position as managerial exempt. Accordingly, the State requested that the superior court deny Vincoli's *817 complaint and petition for declaratory judgment as well as all relief sought by Vincoli.
Subsequently, Vincoli and the State filed cross-motions for summary judgment. After a hearing, by order entered 9 June 2015, the trial court granted Vincoli's summary judgment motion and denied the State's motion, declaring that N.C. Gen. Stat. § 126-34.02 was an unconstitutional violation of Article I, Section 19 of the North Carolina Constitution as applied to Vincoli. In addition, the trial court permanently enjoined the State from enforcing N.C. Gen. Stat. § 126-34.02 against Vincoli and ordered that Vincoli be provided with a contested case hearing before OAH regarding whether the exempt designation was proper, in accordance with the repealed N.C. Gen. Stat. § 126-34.1(c). The State appeals.[4]
*275 II. Issues
On appeal, the State asserts that the trial court erred by granting summary judgment in favor of Vincoli for three reasons. First, the State contends that the Act did not violate Vincoli's due process rights under Article I, Section 19 of the North Carolina Constitution because (a) the scope of Vincoli's protected property interest in continued employment did not include a right to grieve an exempt designation; and (b) the legislative process satisfied any process that was due as a result of the repeal of N.C. Gen. Stat. § 126-34.1(c). Second, the State contends that repeal of a career state employee's ability to appeal an exempt designation does not give rise to a taking claim pursuant to Article I, Section 19 of the North Carolina Constitution, because (a) Vincoli did not establish a contractual obligation to provide him a hearing to challenge the designation of his position as exempt from the NCHRA; and (b) if the repeal of N.C. Gen. Stat. § 126-34.1(c) is an uncompensated taking, the State has provided just compensation. And third, the State contends that the trial court's order to provide appellee a contested case hearing in OAH violates the separation of powers. Because the dispositive issue in this case renders addressing these issues unnecessary, we decline to address them.
III. Standard of Review
Summary judgment may be granted in a declaratory judgment proceeding, N.C. Farm Bureau Mut. Ins. Co. v. Briley, 127 N.C.App. 442, 444, 491 S.E.2d 656, 657 (1997), disc. rev. denied, 347 N.C. 577, 500 S.E.2d 82 (1998), where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law," N.C.G.S. § 1A-1, Rule 56(c) (2001).
Williams v. Blue Cross Blue Shield of N.C. , 357 N.C. 170, 178, 581 S.E.2d 415, 422 (2003). "Because the parties do not dispute any material facts, [w]e review [the] trial court's order for summary judgment de novo to determine ... whether either party is entitled to judgment as a matter of law." Lanvale Props., LLC v. Cty. of Cabarrus , 366 N.C. 142, 149, 731 S.E.2d 800, 806 (2012) (citations and quotations omitted). "When applying de novo review, we consider[ ] the case anew and may freely substitute our own ruling for the lower court's decision." Id . at 149, 731 S.E.2d at 806-07 (citations and quotations omitted).
*276 IV. Right to Appeal Pursuant to N.C. Gen. Stat. § 126-5(h)
The State contends that the trial court erred by granting summary judgment in favor of Vincoli. We agree.
The Declaratory Judgment Act provides: "Any person ... whose rights, status or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2013).
Chapter 126 of the North Carolina General Statutes governs the State Personnel System. N.C. Gen. Stat. § 126-5(a) (2013) states *818 that Chapter 126 applies to "[a]ll State employees not herein exempt[.]" N.C. Gen. Stat. § 126-5(d)(1)(d) grants the Governor the authority to designate up to 1,500 "exempt positions" throughout various state departments, including DPS. N.C. Gen. Stat. § 126-5(b) defines "exempt positions" as "an exempt managerial position or an exempt policymaking position." N.C. Gen. Stat. § 126-5(b), at the time, defined an "exempt managerial position" as
a position delegated with significant managerial or programmatic responsibility that is essential to the successful operation of a State department, agency, or division, so that the application of G.S. 126-35 to an employee in the position would cause undue disruption to the operations of the agency, department, institution, or division.
N.C. Gen. Stat. § 126-5(b)(2) (2013).
The repealed statute, N.C. Gen. Stat. § 126-34.1, provided in pertinent part:
(c) In the case of a dispute as to whether a State employee's position is properly exempted from the State Personnel Act under G.S. 126-5, the employee may file in the Office of Administrative Hearings a contested case under Article 3 of Chapter 150B of the General Statutes.
....
(e) Any issue for which appeal to the State Personnel Commission through the filing of a contested case under Article 3 of Chapter 150B of the General Statutes has not been specifically authorized by this section shall not be grounds for a contested case under Chapter 126.
N.C. Gen. Stat. § 126-34.1 (2011).
*277 This statute was replaced by N.C. Gen. Stat. § 126-34.02 (2013). N.C. Gen. Stat. § 126-34.02(c) contains a similar contested case exclusion provision to that in N.C. Gen. Stat. § 126-34.1(e) and provides: "Any issue for which an appeal to the Office of Administrative Hearings has not been specifically authorized by this section shall not be grounds for a contested case hearing." Our Supreme Court has explained:
There is no inherent right of appeal from an administrative decision to either the OAH or the courts. "No appeal lies from an order or decision of an administrative agency of the State or from judgments of special statutory tribunals whose proceedings are not according to the course of the common law, unless the right is granted by statute." In re Assessment of Sales Tax, 259 N.C. 589, 592, 131 S.E.2d 441, 444 (1963).
Empire Power Co. v. N.C. Dep't of Env't, Health & Nat. Res. , 337 N.C. 569, 586, 447 S.E.2d 768, 778 (1994).
However, N.C. Gen. Stat. § 126-5(h) provides: "In case of dispute as to whether an employee is subject to the provisions of this Chapter, the dispute shall be resolved as provided in Article 3 of Chapter 150B." Article 3 governs the procedure for contested case hearings. North Carolina courts have recognized that N.C. Gen. Stat. § 126-5(h) provides an avenue for employees to challenge exempt designations. See Batten v. N.C. Dep't of Correction , 326 N.C. 338, 345 n.3, 389 S.E.2d 35, 40 n.3 (1990), (noting § 126-5(h) as an example of a section in the Act describing employment-related grounds for a "contested case" arising under the State Personnel Act, interpreting that statute as providing grounds for a "dispute between employer and employee as to whether latter non-exempt"), disapproved of on other grounds by Empire Power Co. , 337 N.C. 569, 447 S.E.2d 768 ; see also Jordan v. N.C. Dep't of Transp. , 140 N.C.App. 771, 774, 538 S.E.2d 623, 625 (2000) (holding that "[o]nce a position is designated as 'exempt policymaking,' whether or not the designation is correct, an employee wishing to contest such designation must do so according to N.C. Gen. Stat. § 150B" and citing N.C. Gen. Stat. § 126-5(h) (1999) ).[5]
*819 *278 Although Article I of Chapter 150B expressly exempts DPS from the contested case provisions of Article III of Chapter 150B, see N.C. Gen. Stat. § 150B-1(e)(7), our Supreme Court has held that "the detailed provisions of Chapter 126, which govern the appeal of personnel actions affecting state employees, prevail with respect to [State] employees over the general departmental exclusion stated in the Administrative Procedure Act." Batten , 326 N.C. at 344, 389 S.E.2d at 39. In Empire Power Co. , our Supreme Court clarified Batten 's holding as follows:
Batten involved the appeal of a grievance of an employee of an agency expressly exempted from the administrative hearing provisions of the [Administrative Procedure Act]; thus, under the plain meaning of the [Administrative Procedure Act], that employee can be entitled to an administrative hearing to appeal his grievance to the OAH only by virtue of another statute.
337 N.C. at 579, 447 S.E.2d at 774.
In the instant case, Vincoli is an aggrieved employee of DPS, an agency expressly exempted from the administrative hearing provisions of the Administrative Procedure Act. Although N.C. Gen. Stat. § 126-34.02(c) provides that "[a]ny issue for which an appeal ... has not been specifically authorized by this section shall not be grounds for a contested case hearing[,]" the plain language of N.C. Gen. Stat. § 126-5(h) provides Vincoli with a statutory right to a hearing before OAH as to whether he is subject to the Act, which would implicate addressing whether his exempt designation was proper. Accordingly, based on this avenue of appeal, the trial court erred by granting summary judgment in favor of Vincoli.
V. Conclusion
Because we hold that Vincoli is entitled to a contested case hearing before OAH pursuant to N.C. Gen. Stat. § 126-5(h), we need not address his claims based upon his right to due process under Article I, Section 19 of the North Carolina Constitution. See State v. Crabtree , 286 N.C. 541, 543, 212 S.E.2d 103, 105 (1975) (holding that appellate courts will not pass upon constitutional questions if some other ground exists *279 upon which the case may be decided). We reverse the trial court's order denying the State's motion for summary judgment and granting Vincoli's motion for summary judgment. Nothing in this opinion shall be construed to prejudice any right Vincoli may have to seek a contested case hearing under N.C. Gen. Stat. § 126-5(h).
REVERSED.
Judge DILLON concurs.
Judge DIETZ concurs in a separate opinion.

Formerly the State Personnel Act.

We recognize that the NCHRA has since been amended but construe the relevant provisions as they existed.

Although the pleadings associated with Vincoli's petition for a contested case hearing before OAH were initially omitted from the record on appeal, we have granted the State's motion to take judicial notice of OAH proceedings.

In our discretion, we have taken judicial notice of two other OAH proceedings initiated by Vincoli, 14 OSP 00389 and 15 OSP 07944.

This is not a novel interpretation of N.C. Gen. Stat. § 126-5(h). Although its opinion is not binding upon us, the Fourth Circuit Court of Appeals of the United States has recognized that N.C. Gen. Stat. § 126-5(h) gives a State employee an avenue to challenge the re-designation of his position by the Governor to exempt status. See Carrington v. Hunt , 105 F.3d 646 (4th Cir. 1997) (unpublished). In Carrington , the Court stated that "a state employee has no property interest in continued nonexempt status if state law gives the executive discretion to determine which positions are exempt and to change such designations." Id . The Court, however, further stated that even if there is a property interest, "North Carolina law provides sufficient process to guard against its erroneous deprivation. The affected employee is entitled to ten working days' notice before the change in status, N.C. Gen. Stat. § 126-5(g), and he may appeal to the State Personnel Office if he believes that the designation is illegal or error. " Id . (emphasis added).