STROUD, Judge.
 

 *447
 
 Petitioner appeals a final order dismissing his petition for a contested case hearing under North Carolina General Statute § 126-5(h). Because
 
 *448
 
 petitioner failed to appeal from the 10 April 2014 Office of Administrative Hearings order which dismissed his first petition, we affirm the dismissal of this claim. We also affirm the dismissal of petitioner's whistleblower claim because his prior dismissal of the same claim under North Carolina General Statute § 1A-1, Rule 41(a) was in Superior Court, so he cannot refile his claim before the Office of Administrative Hearings.
 

 I. Background
 

 The underlying facts of this case are relatively simple but the procedural background is extraordinarily complex. Much of this background is stated in
 
 Vincoli v. State
 
 , --- N.C. App. ----, ----,
 
 792 S.E.2d 813
 
 (2016) ("
 
 Vincoli I
 
 "). For purposes of this appeal some of the procedural background regarding
 
 *302
 
 Vincoli's first petition for a contested case hearing as recited in
 
 Vincoli I
 
 is useful:
 

 In 2010, Vincoli was hired by the North Carolina Department of Public Safety ("DPS") into a position subject to the NCHRA and subsequently attained the status of a career State employee. A career State employee is afforded certain protections provided by the NCHRA, such as the right not to be disciplined except for just cause. However, the NCHRA also grants the Governor the authority to designate positions within departments of state government, including DPS, as policymaking or managerial exempt from the provisions of the NCHRA.
 

 Until 2013, a career State employee whose non-exempt position was subsequently designated as exempt was entitled by
 
 N.C. Gen. Stat. § 126-34.1
 
 (c) to a contested case hearing before OAH to challenge the propriety of the designation. ...
 

 ....
 

 On 21 August 2013, the Governor signed into law House Bill 834, which substantially revised the NCHRA. A career state employee's ability to challenge an exempt designation pursuant to the previous process changed with the passage of An Act Enhancing the Effectiveness and Efficiency of State Government by Modernizing the State's System of Human Resource Management and By Providing Flexibility for Executive Branch Reorganization and Restructuring. The Act,
 
 inter alia
 
 , amended the Employee Grievance section of the NCHRA by repealing
 
 N.C. Gen. Stat. § 126-34.1
 
 and replacing it with
 
 *449
 

 N.C. Gen. Stat. § 126-34.02
 
 , which omitted an employee's action to challenge an exempt designation as grounds for a contested case hearing and, in effect, eliminated a career state employee's opportunity to a contested case hearing before OAH on this issue.
 

 On 1 October 2013, Vincoli, who was employed by DPS as a Special Assistant to the Secretary for Inmate Services and who had attained career status, was notified that the Governor had declared his position as managerial exempt. Approximately two months later, on 6 December 2013, Vincoli received a letter terminating him from employment on the stated grounds that a change in agency staff is appropriate at this time.
 

 ... Vincoli filed an internal grievance with DPS challenging the designation of his position as exempt. In response, Vincoli received a letter from DPS refusing to entertain his grievance on the basis that he was not eligible for the internal appeal process as a managerial exempt employee. Subsequently, Vincoli filed a grievance in the North Carolina Office of State Human Resources ("OSHR"), which refused to entertain Vincoli's grievance, concluding that: In this particular case and on these particular facts, OSHR believes that there is no personal or subject matter jurisdiction for any claim by Vincoli for a just cause claim against DPS in either the agency grievance process or OAH. As a result, neither DPS nor OSHR issued a final agency decision on the matter.
 

 On 16 January 2014, Vincoli filed a petition for a contested case hearing with OAH, challenging his exemption and subsequent termination without just cause. Specifically, Vincoli asserted that
 

 his designation as managerial exempt was in fact used to disguise a disciplinary dismissal without just cause that would fall within the scope of the State Personnel Act's protections against dismissal without just cause. DPS' action was a sham, pretext exemption designation and constituted a de facto dismissal.
 

 In addition, Vincoli asserted that he was entitled to a contested case hearing based on
 
 N.C. Gen. Stat. § 126-5
 
 (h), which provides: In case of dispute as to whether an
 

 *450
 

 employee is subject to the provisions of this Chapter, the State Personnel Act, the dispute shall be resolved as provided in Article 3 of Chapter 150B
 
 . In response, DPS filed a motion to dismiss, asserting that since Vincoli's position was designated as exempt, he was not entitled to challenge DPS' decision to terminate him. Additionally, DPS asserted that OAH lacked jurisdiction to determine whether the classification of Vincoli's position as managerial exempt was proper, on the basis that this issue was not included in
 
 *303
 

 N.C. Gen. Stat. § 126-34.02
 
 , and any issue for which an appeal to OAH has not been specifically authorized cannot be grounds for a contested case hearing. ...
 

 ....
 

 Vincoli asserted that he had properly invoked the subject matter jurisdiction of the OAH in two separate and specific manners. He has alleged dismissal without just cause under 126-35(a), and
 
 has likewise alleged a dispute about whether he is subject to the State Personnel Act under N.C.G.S. 126-5(h).
 

 After a hearing, OAH entered an order on 10 April 2014 granting DPS' motion to dismiss for lack of subject matter jurisdiction. In its order, OAH made the following conclusions of law:
 

 1. Effective August 21, 2013, the law changed controlling the matters over which the OAH has original jurisdiction, and the General Assembly repealed the right to appeal an exempt designation. This statutory change removes the rights of a state employee to challenge an exempt designation; therefore, the merits of this contested case will not be addressed.
 

 2. As a managerial exempt employee, Vincoli is not subject to the provisions of Chapter 126.
 
 Therefore, G.S. 126-5(h) does not grant Vincoli the right to appeal his
 

 exempt designation or ultimate dismissal under G.S. 126-5(h) and Chapter 150B.
 

 3. Only those grievance listed in G.S. 126-34.02 may be heard as contested cases in the OAH and only after review by the OSHR. Vincoli's exempt
 
 *451
 
 designation is no longer among the grievances listed; therefore, the OAH has no subject matter jurisdiction, which is the predicate authority for a contested case to proceed. The lack of subject matter jurisdiction requires that Vincoli's contested case be dismissed.
 

 Vincoli had thirty days to appeal OAH's decision to the Court of Appeals of North Carolina.
 
 Vincoli did not timely appeal this order to our Court.
 

 Id.
 

 at ----,
 
 792 S.E.2d at 814-16
 
 (emphasis added.) (citation, quotation marks, ellipses, brackets, and footnote omitted).
 

 Rather than appeal the 10 April 2014 order, on 29 August 2014, petitioner filed a complaint for a declaratory judgment challenging the statutory basis for the denial of his hearings as unconstitutional.
 

 Id.
 

 at ----,
 
 792 S.E.2d at 816
 
 . On 9 June 2015, the trial court granted summary judgment in petitioner's favor "permanently enjoin[ing] the State from enforcing
 
 N.C. Gen. Stat. § 126-34.02
 
 against Vincoli and ordered that Vincoli be provided with a contested case hearing before OAH[.]"
 

 Id.
 

 at ----,
 
 792 S.E.2d at 817
 
 . The State appealed the 9 June 2015 order to this Court and raised three issues, but this Court only addressed one issue, deeming it dispositive, and reversed the trial court's summary judgment order.
 

 Id.
 

 at ----,
 
 792 S.E.2d at 817-19
 
 . In
 
 Vincoli I
 
 , we held as follows:
 

 Because we hold that Vincoli is entitled to a contested case hearing before OAH pursuant to
 
 N.C. Gen. Stat. § 126-5
 
 (h), we need not address his claims based upon his right to due process under Article I, Section 19 of the North Carolina Constitution. We reverse the trial court's order denying the State's motion for summary judgment and granting Vincoli's motion for summary judgment.
 

 Id.
 

 at ----,
 
 792 S.E.2d at 819
 
 (citation omitted).
 

 While
 
 Vincoli I
 
 was pending before this Court, on 14 January 2016, petitioner filed a second petition with OAH for a contested case hearing.
 
 Vincoli I
 
 was filed on 1 November 2016, and on 18 January 2017, petitioner filed a prehearing statement to proceed with a contested case hearing under the second petition, relying on
 
 Vincoli I
 
 as the basis for the hearing. On or about 3 February 2017, respondent moved for summary judgment arguing petitioner failed to appeal OAH's final decision and order of 10 April 2014 which "expressly found that 126-5(h) did not allow OAH to exercise jurisdiction over Petitioner's claim and dismissed
 
 *452
 
 Petitioner's claim." On or about 16 February 2017, petitioner responded to respondent's motion for summary judgment arguing his contested
 
 *304
 
 case was not barred "because the Court of Appeals held that Petitioner has a statutory right to a hearing before OAH and it would be unfair and unjust to deny that right." On or about 30 March 2017, the Administrative Law Judge ("ALJ") issued a final decision dismissing petitioner's second petition, noting that Court of Appeals opinion in
 
 Vincoli I
 
 "falls far short of the order or directive to OAH to reopen the issues addressed in the 2014 Final Decision that Petitioner would like to read into it" and "[n]o law authorizing OAH to provide a hearing under these circumstances has been identified." Petitioner appeals.
 

 II. Standard of Review
 

 The standard of review for a motion for summary judgment requires that all pleadings, affidavits, answers to interrogatories and other materials offered be viewed in the light most favorable to the party against whom summary judgment is sought. Summary judgment is properly granted where there is no genuine issue of material fact to be decided and the movant is entitled to a judgment as a matter of law.
 

 Harrington v. Perry
 
 ,
 
 103 N.C. App. 376
 
 , 378,
 
 406 S.E.2d 1
 
 , 2 (1991) (citation omitted). "The standard of review for summary judgment is de novo."
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 524,
 
 649 S.E.2d 382
 
 , 385 (2007). The factual basis for petitioner's claim is not the issue in this appeal, and we treat all of petitioner's factual allegations as true for purposes of summary judgment.
 
 See generally
 
 id.
 

 The appeal presents only the question of law of petitioner's legal right to pursue his second petition.
 

 III. Contested Case Hearing under
 
 N.C. Gen. Stat. § 126-5
 
 (h)
 

 In petitioner's brief on appeal, he focuses on arguments about why
 
 res judicata
 
 does not apply to bar his second petition. Respondent focuses primarily on its argument that even if
 
 res judicata
 
 does not bar petition's second petition, its defense of sovereign immunity does. Neither argument addresses the real issue, which is much simpler. The simple issue is whether petitioner lost his right to challenge the OAH's ruling in the 10 April 2014 order that he was not entitled to a contested case hearing under North Carolina General Statute § 126-5(h) by failing to appeal that order. We realize that the order on appeal discusses
 
 res judicata
 
 , but the ALJ came to the correct conclusion, even if some of the rationale in the order is not entirely correct: "A correct decision of a lower court will not be disturbed because a wrong or
 
 *453
 
 insufficient or superfluous reason is assigned."
 
 State v. Hester
 
 , --- N.C. App. ----, ----,
 
 803 S.E.2d 8
 
 , 15-16 (2017) (citation, quotation marks, and brackets omitted).
 

 Vincoli I
 
 held that petitioner had a
 
 right
 
 to a "contested case hearing before OAH pursuant to
 
 N.C. Gen. Stat. § 126-5
 
 (h)" and declined to address whether North Carolina General Statute § 126-34.02 is unconstitutional because it violated Vincoli's "due process rights under Article I, Section 19 of the North Carolina Constitution[.]" --- N.C. App.at ----,
 
 792 S.E.2d at 816-19
 
 . For this reason,
 
 Vincoli I
 
 reversed the trial court's declaratory judgment which had
 

 declared that the enactment of
 
 N.C. Gen. Stat. § 126-34.02
 
 , a provision of the North Carolina Human Resources Act ("NCHRA") ... unconstitutional as applied to Vincoli because it did not provide him the right to a contested case hearing before the Office of Administrative Hearings ("OAH") to challenge the designation of his position as exempt from the NCHRA
 

 and "permanently enjoined the State from enforcing the statute against Vincoli and ordered that the State provide Vincoli with an OAH hearing to review the designation of his position as exempt." --- N.C. App. at ----,
 
 792 S.E.2d at 814
 
 (footnote and quotation marks omitted).
 

 Petitioner did not appeal the OAH order of 10 April 2014 in his first petition, Case 14OSP00389, which determined he was not entitled to a contested case hearing under North Carolina General Statute § 126-5(h).
 
 [1]
 

 *305
 
 The proper avenue to challenge the 10 April 2014 order was an appeal to this Court:
 

 An aggrieved party in a contested case under this section shall be entitled to judicial review of a final decision by appeal to the Court of Appeals as provided in G.S. 7A-29(a). The procedure for the appeal shall be as provided by the rules of appellate procedure. The appeal shall be taken within 30 days of receipt of the written notice of final decision. A notice of appeal shall be filed
 
 *454
 
 with the Office of Administrative Hearings and served on all parties to the contested case hearing.
 

 N.C. Gen. Stat. § 126-34.02
 
 (a) (2013).
 

 Since the 10 April 2014 OAH order was not appealed, it was the final adjudication of the petition; it specifically held that petitioner was not entitled to a hearing under North Carolina General Statute § 126-5(h). Although the 10 April 2014 ruling was legally incorrect according to
 
 Vincoli I
 
 -the declaratory judgment action challenging the constitutionality of Vincoli's right to a contested case hearing-it still stands.
 
 See
 

 Vincoli I
 
 , --- N.C. App. ----,
 
 792 S.E.2d 813
 
 . Vincoli failed to appeal the 10 April 2014 order on his first petition and he cannot get a "second bite at the apple" by bringing a new petition based on the same claims, particularly as the time for filing a contested case hearing based upon his termination had passed.
 
 See
 

 N.C. Gen. Stat. § 126-34.02
 
 (a). The only way Vincoli could attempt to challenge the 10 April 2014 order again would be to link his second petition to his first petition, which he attempted to do.
 

 Vincoli's second petition is entitled "Petition for Contested Case Hearing and Motion in the Cause[.]" (Original in all caps.) Petitioner sought to rely upon the Superior Court's declaratory judgment order, which was attached to the petition, to give him a right to bring a new petition based on the same facts. Petitioner also alleged that the petition was a "Motion in the Cause in case 14 OSP 389 for a reconsideration[.]" The second petition recites the same factual and legal basis for Vincoli's claims as the first petition, and he alleges that he sought the declaratory judgment "[a]fter attempting to exhaust his administrative remedies" from his first petition. Petitioner claimed that the declaratory judgment order-later reversed by
 
 Vincoli I
 
 -gave him a right to a hearing, despite his failure to appeal the 10 April 2014 OAH order.
 

 Petitioner also relies upon this Court's opinion in
 
 Vincoli I
 
 , specifically noting the last sentence of that opinion: "Nothing in this opinion shall be construed to prejudice any right Vincoli may have to seek a contested case hearing under
 
 N.C. Gen. Stat. § 126-5
 
 (h)."
 

 Id.
 

 at ----,
 
 792 S.E.2d at 819
 
 . But we do not construe this Court's opinion in
 
 Vincoli I
 
 to create a right to a hearing that does not otherwise exist due to petitioner's failure to appeal. To the extent that petitioner sought "reconsideration" of the first petition by his "motion in the cause," any such "reconsideration" is barred by the law of the case doctrine which "provides that when a party fails to appeal from a tribunal's decision that is not interlocutory, the decision below becomes the law of the case and cannot be challenged in subsequent proceedings in the same case."
 

 *455
 

 Boje v. D.W.I.T., L.L.C.
 
 ,
 
 195 N.C. App. 118
 
 , 122,
 
 670 S.E.2d 910
 
 , 912 (2009). In conclusion, petitioner has lost his right to challenge the 10 April 2014 order's determination he is not entitled to a contested case hearing under North Carolina General Statute § 126-5(h). Although petitioner
 
 was
 
 entitled to such a hearing, he failed to appeal the dismissal of his first petition and is bound by the 10 April 2014 order.
 

 V. Whistleblower Act
 

 OAH also dismissed respondent's claim under the Whistleblower Act. One of the bases of OAH's dismissal of the whistleblower claim was petitioner's prior voluntary dismissal of the same claim under N.C. Gen. Stat. § 1A-1, Rule 41(a). Petitioner's brief focuses on the factual merits of his claim but does not contest OAH's finding he filed his
 
 *306
 
 whistleblower claim in Superior Court, voluntarily dismissed the claim, and never refiled in Superior Court.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 41(a) (2017). Petitioner contends that by filing his second petition in OAH he revived the Superior Court claim, but this Court has previously held otherwise: "[A] state employee may choose to pursue a Whistleblower claim in either forum, [administrative or superior court,] but not both."
 
 Swain v. Elfland
 
 ,
 
 145 N.C. App. 383
 
 , 389,
 
 550 S.E.2d 530
 
 , 535 (2001). Petitioner has not directed us to any law which indicates an individual may file in one forum, dismiss, and then revive the claim in another. Therefore, we affirm the dismissal of petitioner's whistleblower claim under Rule 41(a).
 

 V. Conclusion
 

 Because petitioner failed to appeal the 10 April 2014 order he is bound by the determination he is not entitled to a contested case hearing, and we affirm the final order on appeal. Because petitioner attempted to switch forums for his whistleblower claim, he lost his right to bring that claim again and we affirm the final order dismissing this claim.
 

 AFFIRMED.
 

 Judges ZACHARY and ARROWOOD concur.
 

 [1]
 

 Vincoli alleged in the declaratory judgment action that he had exhausted his administrative remedies because the OAH "lacks the authority to declare a North Carolina statute unconstitutional" so his claim could not be raised in an administrative forum. In other words, he accepted the OAH's ruling that he had no statutory right to a hearing under North Carolina General Statute § 126-5(h). But this Court in
 
 Vincoli I
 
 held that it need not address the constitutional argument because Vincoli did have a right to review under N. C. Gen. Stat. § 126-5(h).
 
 Vincoli I,
 
 --- N.C. App. at ----,
 
 792 S.E.2d at 814
 
 .